

**FILED & ENTERED**

AUG 10 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

MARIA JESSIE CORONA,

                       Debtor.

Case No. 2:18-bk-12336-RK

Chapter 7

**ORDER (1) RESTRICTING PUBLIC ACCESS TO DOCKET NUMBERS 22 AND 23 DUE TO DISCLOSURE OF CONFIDENTIAL MEDICAL AND PERSONAL IDENTIFIER INFORMATION AND (2) DENYING REQUEST FOR WAIVER OF FILING FEE TO REOPEN BANKRUPTCY CASE**

On July 30, 2018, Debtor Maria Jessie Corona filed two letter requests from her counsel, Jan P. Quaglia, which appear to be duplicate and which request a waiver of the filing fee to reopen her bankruptcy case in order for Debtor to file her financial management course certificate (Docket Numbers 22 and 23). In support of the letter requests, which the court construes as motions under Federal Rule of Bankruptcy Procedure 9013, Debtor attached a copy of confidential medical reports which included personal identifier information (i.e., her date of birth and references to her medical condition). The disclosure of such personal identifier information is restricted under Federal Rule of Bankruptcy Procedure 9037 and Local Bankruptcy Rule 9037-1.

Accordingly, the court orders that public access to Debtor's letter requests filed as Docket Numbers 22 and 23 due to the disclosure of confidential medical information and personal identifier information, which private personal information should not be on the public case docket.

Having considered the motions on the merits, the court further orders that Debtor's request for a waiver of the filing fee to file a motion to reopen be denied.  In considering Debtor's request, the court took judicial notice of Debtor's income schedule, Schedule I to her bankruptcy petition (Docket Number 1), and determines pursuant to 28 U.S.C. §1930(f)(1), (2) and (3) that her income is not less than 150 percent of the income poverty line as defined by the Office of Management and Budget as revised annually in accordance with Section 673(2) of the Omnibus Reconciliation Act of 1981 applicable to her family size (the poverty guidelines for 2018 are posted on online at http://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf), the court lacks authority to waive the filing fee  pursuant to 28 U.S.C. § 1930(b), (c) and (f)(2) because her monthly income of $3,723 for her two-person household (line 12 on Schedule I) exceeded the income poverty line in California (as one of the 48 contiguous states) of $2,057.50.  While Debtor appears to have a chronic medical condition which warrants close physician supervision and care and her monthly expenses exceed her income as

///

///

shown on her Schedules I and J, her monthly income well exceeds the income poverty line as indicated by the poverty guidelines which the court must consider under 28 U.S.C. §1930(f).

    IT IS SO ORDERED.    ###

Date: August 10, 2018

_____
Robert Kwan
United States Bankruptcy Judge